IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                                                               No. 1:19-cr-01832-JCH

STEVEN O'NEIL,

      Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S EMERGENCY MOTIONS FOR FURLOUGH**

This matter comes before the Court on Defendant Steven O'Neil's *Emergency Motion for Furlough to Attend Mom's Funeral* (ECF No. 130) and *Amended Emergency Motion for Furlough to Attend Mom's Funeral* (ECF No. 132). Because the Court lacks jurisdiction to grant a furlough under 18 U.S.C. § 3622, the Court denies these motions.

**I.**      **Background**

On January 10, 2023, the Court sentenced Mr. O'Neil to seven months of imprisonment for violating his conditions of supervised release. *See* J. in a Criminal Case 1-2 (ECF No. 129). The Bureau of Prisons ("BOP") currently has custody over Mr. O'Neil. *See* Am. Mot. 1 (ECF No. 132); Gov't's Resp. 1 (ECF No. 133).

On January 20, 2023, Mr. O'Neil filed an emergency motion. Mot. 1 (ECF No. 130). Mr. O'Neil requested that the Court authorize a four-day furlough so that he could attend his mother's funeral service on January 28, 2023. *Id.* He amended the motion three days later. Am. Mot. 1 (ECF No. 132).

**II.     Discussion**

Congress circumscribed the trial courts' power to modify a term of imprisonment after sentencing. *See* 18 U.S.C. § 3582(c). In particular, section 3582 requires the presence of an enumerated exception before the trial court can modify a sentence. No exception applies here.

The BOP has not moved for the compassionate release of Mr. O'Neil. Nor has Mr. O'Neil so moved after exhausting remedies within the BOP. The first exception therefore does not apply. *See* § 3582(1)(A) (permitting sentence modifications for compassionate release after procedural hurdles are cleared); *see also United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (enumerating three-step test for compassionate release, which Mr. O'Neil would fail to satisfy).

So too with the second exception. Section § 3582(1)(B) permits a sentencing modification if Rule 35 of the Federal Rules of Criminal Procedure applies. But Mr. O'Neil does not allege a "arithmetical, technical, or other clear error" in his sentence. Fed. R. Crim. P. 35(a). Rule 35—and thus the second exception—thus is not relevant.

The third exception permits a sentencing modification if a trial court sentenced a defendant "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(2). Such a situation is not the one here.

In sum, none of section 3582's exceptions are present. As a result, the statute prohibits the Court from modifying Mr. O'Neil's term of imprisonment.

Despite the statutory prohibition, Mr. O'Neil quotes from three other statutes. *See* Mot. 2 (ECF No. 130); Am. Mot. 2 (ECF No. 132). These statutes, Mr. O'Neil seems to suggest, authorize the Court to grant the furlough. Mr. O'Neil is incorrect.

The first statute, 18 U.S.C. § 3141(b), applies by its terms to a court's release and detention power of persons facing a *pending* sentence or appeal. Because the Court already sentenced Mr. O'Neil, this statute does not apply.

The second statute, 18 U.S.C. § 3583(e), describes a trial court's power to revoke or modify the conditions of a term of supervised release. This statute is inapplicable because (among other reasons) Mr. O'Neil is serving a term of imprisonment.

The third statute, 18 U.S.C. § 3622, squarely addresses what Mr. O'Neil wants—a release from imprisonment for a limited period. But this statute is clear that the BOP alone has the power to grant a furlough. *See In re Radcliff*, No. 12-1444, 2012 WL 5974172, *1 (10th Cir. Nov. 28, 2012) ("[I]t is up to the BOP, not the district court, to consider whether, in its discretion, [the incarcerated person] should be granted temporary release under § 3622(a) . . . ."). Mr. O'Neil, therefore, must address his request for a furlough to the BOP.

At bottom, the Court lacks jurisdiction to grant Mr. O'Neil a furlough.

### III.   Conclusion

**IT IS THEREFORE ORDERED** that Mr. O'Neil's *Emergency Motion for Furlough to Attend Mom's Funeral* (**ECF No. 130**) and *Amended Emergency Motion for Furlough to Attend Mom's Funeral* (**ECF No. 132**) are **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**